**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

FEB 11 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OLIVIA GLENN,

    Plaintiff,

v.

GC SERVICES, INC.,

    Defendant.

PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1 10-CV- ____ -CAM

OLIVIA GLENN (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES, INC., (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing at 1506 Summer Court Drive, Jonesboro, Georgia.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters located in Houston, Texas.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant contacted Plaintiff telephonically as much as six to eight times almost daily since March, 2009 regarding an alleged debt owed for student loans.

13. Defendant contacted Plaintiff telephonically after 9:00 p.m. Eastern Standard Time.

14. Defendant threatened to garnish Plaintiff's wages if she did not immediately pay the alleged debt.

15. Defendant contacted Plaintiff at her place of employment after Plaintiff told Defendant not to contact at her employer.

16. Defendant called Plaintiff using a number that did not disclose the identity of the caller, and read "Private" on caller identification.

17. Defendant claimed that Plaintiff owed interest and other fees regarding the alleged debt that she did not legally owe or have to pay.

18. Defendant threatened to garnish twenty five percent (25%) of Plaintiff's wages.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant Violated *§1692c(a)(1)* of the FDCPA by calling Plaintiff after 9:00 p.m. local time.

   b. Defendant Violated *§1692c(a)(3)* of the FDCPA by calling Plaintiff at her place of employment after Plaintiff told Defendant not to do so.

   c. Defendant Violated *§1692c(a)(3)* of the FDCPA by calling Plaintiff at her place of employment though Defendant knew or had reason to know that Plaintiff's employer prohibited such communication.

   d. Defendant Violated *§1692(d)(5)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs by calling her continuously and repeatedly.

   e. Defendant Violated *§1692d(6)* of the FDCPA by calling Plaintiff on a number that did not disclose the identity of the caller.

   f. Defendant violated *§1692e(4)* of the FDCPA by falsely representing that Plaintiff's non-payment of her alleged debt would result in garnishment of Plaintiff's wages.

   g. Defendant violated *§1692e(5)* of the FDCPA by threatening to garnish Plaintiff's wages though Defendant did not intend to do so.

   h. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot be legally taken or that is not intended to be taken by threatening to seize

twenty five percent (25%) of Plaintiff's wages.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, OLIVIA GLENN, respectfully requests judgment be entered against Defendant, GC SERVICES, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 5, 2010        By: _____
Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, OLIVIA GLENN, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA

Plaintiff, OLIVIA GLENN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, OLIVIA GLENN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

2-3-10
Date

_____
OLIVIA GLENN